# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 19-0958** (Mingo County 19-F-33)

**Shawn B.,**
**Defendant Below, Petitioner**

**FILED**
**November 4, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Shawn B.,[1] by counsel Susan J. Van Zant, appeals the October 1, 2019, sentencing order of the Circuit Court of Mingo County. Respondent State of West Virginia, by counsel Elizabeth Grant, filed a response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 19, 2019, petitioner was indicted in the Circuit Court of Mingo County for five counts of sexual abuse by a parent and five counts for third-degree sexual assault. Petitioner's victim was his minor daughter. The State alleged that the sexual abuse occurred from March of 2017 through July of 2018. The victim was twelve years old when the abuse began, and she turned thirteen years old in March of 2018.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

The circuit court held petitioner's trial in July and August of 2019.[2] Following trial, the jury found petitioner guilty on all five counts of sexual abuse by a parent and all five counts of third-degree sexual assault. On August 19, 2019, petitioner filed a motion for judgment of acquittal or, in the alternative, a new trial. At an August 20, 2019, hearing, petitioner argued that the motion should be granted because "[h]e admitted that he touched his daughter[,] but he also stated . . . that it was in a non-sexual way[.]" According to petitioner, the victim was not keeping her vaginal area clean, and "he was merely trying to take care of his child[.]" The circuit court denied the motion, finding that the victim testified consistently and "recalled what happened[,] and . . . [petitioner] basically admitted most of the things she said, except for his intent of why those things were happening." The circuit court further found that alternative sentencing would not be appropriate because petitioner "has not accepted responsibility for what he did." Accordingly, the circuit court sentenced petitioner to ten to twenty years of incarceration for each of the five counts of sexual abuse by a parent and to one to five years of incarceration for each of the five counts of third-degree sexual assault. The circuit court ordered that all of the sentences run consecutively to each other, for an aggregate term of 55 to 125 years of incarceration.[3] The circuit court entered its sentencing order on October 1, 2019.

It is the circuit court's October 1, 2019, sentencing order that petitioner appeals. "On an appeal to this Court[,] the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syl. Pt. 1, *White v. Haines*, 215 W. Va. 698, 601 S.E.2d 18 (2004) (quoting Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973)).

On appeal, petitioner raises several issues—some designated as assignments of error, others not—in arguing that he should be awarded a new trial, or, in the alternative, a new sentencing hearing.[4] The State counters that most of the issues raised by petitioner are not adequately supported by legal argument and/or citation to the record. We agree with the State.

---

[2]The trial in this case was paused halfway through when the victim testified that she had been receiving therapy. Petitioner objected, arguing that the victim's therapy records were not disclosed during discovery despite a request for any such records. The circuit court continued the trial for ten days to allow petitioner to review the records. When the trial resumed, the victim completed her direct testimony and was subject to cross-examination by petitioner. Petitioner does not raise any issue with regard to the circuit court's decision to continue the trial to allow him to review the victim's therapy records.

[3]The circuit court further ordered that petitioner was required to register as a sex offender and serve ten years of supervised release following his term of incarceration.

[4]Petitioner raises the following issues: (1) the evidence was insufficient for the jury to find petitioner guilty of five counts of sexual abuse by a parent and five counts of third-degree sexual assault; (2) the State failed to present evidence that petitioner had a sexual motivation in touching the victim's private area; (3) the circuit court was biased in favor of the victim; (4) petitioner's (continued . . .)

2

Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides, in pertinent part, that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal," and that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." "Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal." *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996), *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (finding that cursory treatment of an issue is insufficient to raise it on appeal). Upon our review of petitioner's brief, we decline to address all but two of the issues raised by petitioner pursuant to Rule 10(c)(7). We will address petitioner's arguments that (1) the evidence was insufficient for the jury to find him guilty of five counts of sexual abuse by a parent and five counts of third-degree sexual assault; and (2) petitioner's aggregate sentence of 55 to 125 years of incarceration was disproportionate to his offenses.

In response to petitioner's first argument, the State asserts that the jury convicted petitioner of all counts based upon sufficient evidence. We review challenges to the sufficiency of the evidence under the following standards:

> The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.
>
> . . . .
>
> A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record

---

second statement played to the jury, while redacted to omit references that petitioner agreed to a polygraph examination, should have been further redacted to omit references to information gathered by law enforcement during that examination; (5) petitioner's aggregate sentence was excessive in that it is an effective life term of incarceration; (6) petitioner was denied a fair trial due to the cumulative effect of several errors; and (7) this Court should review the record for plain error.

contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. . . .

Syl. Pts. 1 and 3, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995).

Petitioner argues that the evidence was insufficient for the jury to find him guilty of five counts of sexual abuse by a parent and five counts of third-degree sexual assault. West Virginia Code § 61-8D-5(a) provides, in pertinent part, that it is a felony offense for a parent

> to engage in . . . sexual intrusion . . . with, a child under his or her care, custody or control, notwithstanding the fact that the child may have willingly participated in such conduct, or the fact that the child may have consented to such conduct or the fact that the child may have suffered no apparent physical injury or mental or emotional injury as a result of such conduct[.]

West Virginia Code § 61-8B-5(a)(2) provides, in pertinent part, that "(a) [a] person is guilty of sexual assault in the third degree when . . . (2) [t]he person, being sixteen years old or more, engages in . . . . sexual intrusion with another person who is less than sixteen years old and who is at least four years younger than the defendant and is not married to the defendant." "Sexual intrusion," as defined in relation to both of the offenses with which petitioner was charged, "means any act between persons involving penetration, however slight, of the female sex organ or of the anus of any person by an object for the purpose of degrading or humiliating the person so penetrated or for gratifying the sexual desire of either party." W. Va. Code § 61-8B-1(8).[5]

Here, the indictment alleged that the sexual abuse occurred from March of 2017 through July of 2018. We find that both petitioner and the victim testified that petitioner touched her sex organ during that period. As stated by the victim, when the sexual abuse began, she was twelve years old and "thought it was a normal thing, but when I got to the age of thirteen I understood what was going on[,] and it made me feel uncomfortable." The victim testified that the last time petitioner touched "between my legs" was shortly before the Fourth of July in 2018. During petitioner's testimony, petitioner stated that he last exercised visitation with the victim in "July [of] 2018."

As to the number of times the abuse occurred, petitioner testified that he examined his daughter's vagina and "put medicine on her a handful of times," which petitioner identified as five or six times. Later in the State's cross-examination, petitioner testified that he could have rubbed ointment on the victim's vagina up to thirty or forty times, but clarified that he meant that "I don't know the numerous amount of times." During the victim's testimony, she stated that petitioner rubbed her private area "three times or more" with the ointment and "five or ten times" without ointment. We find that this testimony, which the jury clearly believed, was sufficient for the jury

---

[5]While West Virginia Code § 61-8D-5 is in chapter 61, article 8D of the West Virginia Code, it uses the definition of "sexual intrusion" set forth in West Virginia Code § 61-8B-1(8). *See* W. Va. Code § 61-8D-1(12).

to find petitioner guilty of five counts of sexual abuse by a parent and five counts of third-degree sexual assault.[6]

Next, petitioner argues that his touching of the victim's vaginal area did not meet the definition of "sexual intrusion" set forth in West Virginia Code § 61-8B-1(8), which requires, in pertinent part, "penetration, however slight, of the female sex organ . . . by an object . . . for gratifying the sexual desire of either party." Petitioner argues that the victim's testimony was contradictory, but we find that the victim clearly testified that "[w]henever [petitioner] would be rubbing ointment between my legs[,] he would slip part of his finger in my private area." During petitioner's testimony, he confirmed that he "would put medicine . . . on the inside of [the victim's] crease." Based on this evidence, we find that a reasonable jury could, and petitioner's jury did, find that there was penetration of the victim's sex organ.

Petitioner further argues that he did not rub the victim's vagina for his sexual gratification, but to treat rawness because his daughter did not keep herself clean. At trial, while petitioner maintained that he touched his daughter's private area for hygienic reasons, he stated that it was "possible" that he became sexually aroused on one occasion when he was rubbing the victim's vagina. The victim testified that petitioner told her that he was doing something "medical," stating that those were "my [d]ad's words." The victim and petitioner each testified that petitioner never took her to a physician for any type of a medical condition. Petitioner admitted that the ointment he rubbed on his thirteen-year-old daughter's vaginal area was meant to treat an infant's diaper rash. Therefore, we find that a reasonable jury could find, based on the evidence, that petitioner's purpose was his sexual gratification those times he rubbed the victim's private area. Accordingly, we conclude that that the evidence was sufficient for the jury to find petitioner guilty of five counts of sexual abuse by a parent and five counts of third-degree sexual assault.

We now address petitioner's argument that his aggregate sentence of 55 to 125 years of incarceration was disproportionate to his offenses. Petitioner argues that he is effectively serving a life term of incarceration, given the court's decision to run all of petitioner's sentences consecutively to each other, in violation of article III, section 5 of the West Virginia Constitution. The State counters that petitioner's argument is without merit. We agree with the State as we have previously held:

> "Article III, Section 5 of the West Virginia Constitution, which contains the cruel and unusual punishment counterpart to the Eighth Amendment of the United States Constitution, has an express statement of the proportionality principle:

---

[6]We note that the jury could convict petitioner of both sexual abuse by a parent and third-degree sexual assault, for each instance of abuse that it found, pursuant to Syllabus Point 9 of *State v. Gill*, 187 W. Va. 136, 416 S.E.2d 253 (1992), in which we held, in pertinent part, that "the [L]egislature has clearly and unequivocally declared its intention that sexual abuse involving parents, custodians, or guardians, [West Virginia] Code [§] 61-8D-5, is a separate and distinct crime from general sexual offenses, [West Virginia] Code [§§] 61-8B-1 [through 61-8B-18] for purposes of punishment."

'Penalties shall be proportioned to the character and degree of the offence.'" Syllabus Point 8, *State v. Vance*, [164] W.Va. [216], 262 S.E.2d 423 (1980).

While our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence.

Syl. Pts. 3 and 4, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981).

Here, there is no life recidivist sentence, and West Virginia Code § 61-8D-5(a) and West Virginia Code § 61-8B-5(b) set forth a maximum sentence for each of the offenses of which petitioner was convicted. Therefore, we find that our constitutional proportionality standards do not apply in this case.

West Virginia Code § 61-8D-5(a) provides, in pertinent part, that, if a person is found guilty of sexual abuse by a parent, he "shall be imprisoned in a correctional facility not less than ten nor more than twenty years[.]" West Virginia Code § 61-8B-5(b) provides, in pertinent part, that, if a person is found guilty of third-degree sexual assault, he "shall be imprisoned in a state correctional facility not less than one year nor more than five years[.]" "Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). Finally, in Syllabus Point 4 of *State v. Marcum*, 238 W. Va. 26, 792 S.E.2d 37 (2016), we held that:

"'"[w]hen a defendant has been convicted of two separate crimes, before sentence is pronounced for either, the trial court may, in its discretion, provide that the sentences run concurrently, and unless it does so provide, the sentences will run consecutively." Syllabus point 3, *Keith v. Leverette*, 163 W.Va. 98, 254 S.E.2d 700 (1979).' Syllabus Point 3, *State v. Allen*, 208 W.Va. 144, 539 S.E.2d 87 (1999)." Syl. Pt. 7, *State ex rel. Farmer v. McBride*, 224 W.Va. 469, 686 S.E.2d 609 (2009).

Petitioner does not allege that his sentences are outside of statutory limits or based on some impermissible factor. Rather, petitioner's only argument is that the circuit court ran his sentences consecutively. In light of our holding in Syllabus Point 4 of *Marcum*, we find that petitioner's argument lacks merit given that the circuit court had discretion to impose consecutive sentences.

For the foregoing reasons, we affirm the circuit court's October 1, 2019, order sentencing petitioner, consecutively, to ten to twenty years of incarceration for each of the five counts of sexual abuse by a parent and to one to five years of incarceration for each of the five counts of third-degree sexual assault.

Affirmed.

**ISSUED:** November 4, 2020


**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison